# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-928V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| RICARDO GALINATO, | |
| | Special Master Corcoran |
| Petitioner, | Filed: April 17, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle A. Strait*, Maglio, Christopher & Toale, Seattle, WA, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On August 25, 2015, Ricardo Galinato filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his November 15, 2012, receipt of the influenza vaccine. The parties eventually filed a stipulation for damages on September 30, 2016 (ECF No. 25), which I adopted as my decision on damages the same day. ECF No. 26.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be posted in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated March 30, 2017. *See* ECF No. 31 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $34,853.39 (representing $29,035.30 in attorney's fees, plus $5,818.09 in costs). *Id*. In accordance with General Order No. 9, Petitioner represents that he separately incurred personal expenses of $11.43 in conjunction with this proceeding. Ex. 31 (ECF No. 31-4). Respondent filed a document reacting to the fees request on April 12, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 32 at 2. Petitioner thereafter filed a reply on April 12, 2017. ECF No. 33. In it, Petitioner argued that Respondent's response declining to take a position on the fees award is prejudicial to Petitioner, as it is Respondent's responsibility to note if a request for attorney's fees and costs is unreasonable. *Id.* at 2. Petitioner otherwise reiterated his request for attorney's fees and costs as set forth in his fees application. *Id.*

As a successful Vaccine Program petitioner, Mr. Galinato is entitled to a fees award. The requested hourly rates herein are in accordance with those I and other special masters have previously awarded to the attorneys who represented Petitioner – Ms. Strait,[3] Ms. Stadelnikas, and the paralegals of Maglio, Christopher & Toale. *See, e.g., Foster v. Sec'y of Health & Human Servs.*, No. 14-309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016); *Dearing v. Sec'y of Health & Human Servs.*, No. 14-289V, 2016 WL 7451349 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). Therefore, I will likewise award them. I also find no particular entries on the billing invoices to be objectionable, and Respondent similarly has not brought to my attention any questionable entries. I will thus award all of the requested hours. Finally, the requested litigation costs, and Petitioner's own separate costs, appear to be reasonable, and will also be awarded.

Accordingly, an award of $34,853.39 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Danielle Strait, Esq. An award of $11.43 shall be issued in the form of a check payable separately to Ricardo Galinato. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

---

[3] Petitioner's application for fees and costs, although unopposed by Respondent, includes a proposed hourly rate for Ms. Strait's 2017 work of $320 per hour – higher than what she has received for prior years in other cases. Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Ms. Strait is entitled to the requested 2017 rate under the hourly rate ranges established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This decision therefore does not constitute specific approval of this requested rate.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master